UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_Jacksonville_ Division

## CIVIL RIGHTS COMPLAINT FORM

Bobby Turner

026447

(Enter full name of each Plaintiff and prison number, if applicable.)

v.

R. Solorzano

Case Number: 3:04-cv-632-J-32MMH
(To be supplied by Clerk's Office)

_____

_____

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right.)
_____/

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  PLACE OF PRESENT CONFINEMENT: Hamilton Correctional Institution
    (Indicate the name and location)
    11419 SW County Road #249 Jasper, Fla. 32052-3735

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

If your answer is YES, after reviewing the exhaustion requirements, answer the following questions.

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act of 1995, Title VIII, Section 803, Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies

1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.   <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (✓) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.   <u>Informal Grievance</u> (Request for Interview)

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

  B. <u>Informal Grievance</u> (Request for Interview)

    1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

  C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1. Did you have a disciplinary hearing regarding this matter? Yes ( ) No (✓)

    2. If so, you must attach a copy of the disciplinary report worksheet and disciplinary committee's findings and decision to this Complaint form.

    3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

    4. If so, you must attach a copy of the grievance and response to this Complaint form.

  D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

    2. If so, you must attach a copy of the appeal and response to this Complaint form.


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _____ day of _____, 19 _____.

_____
Signature of Plaintiff

DC 225 (Rev. 1/97)

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? WENT ON CALL OUT TO see doctor about pain in my left leg, and shoe pass,

2. What were the results? deny, shoe pass,

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain: _____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _____ day of _____, 19 _____.

_____
Signature of Plaintiff

IV. **PREVIOUS LAWSUITS**:

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): _Bobby TURNER  026447_

   Defendant(s): _DR. SEYMOUR GASS_

2. Court (if federal court, name the district; if state court, name the county):
   _NORTHERN DISTRICT_

3. Docket Number: _4:99CV265 WS._

4. Name of judge: _HONORABLE William STAFFORD._

5. Briefly describe the facts and basis of the lawsuit: _MR. TURNER WERE BORN with Polio, he had A deformed left foot, AN since birth has REQUIRED special shoes, And therapy._

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   _The Attorney General And D.O.C decided To settle out of court,_

7. Approximate filing date: _7-7-1999_

8. Approximate disposition date: _4-7-00_

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                                  5

_N/A_

V. **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: _Bobby Turner_

Mailing address: _11419 S.W. Country Road #249_
_Jasper, Fla. 32052-3735_

B. Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: _R. Solorzano_

Mailing Address: _10650 S.W. 46th St._
_Jasper, Fla. 32052-1360_

Position: _Chief Medical Officer_

Employed at: _Hamilton C.I._

D. Defendant: _N/A_

Mailing Address: _____

Position: _____

Employed at: _____

E.  Defendant: _NA_

Mailing Address: _____

_____

Position: _____

Employed at: _____

F.  Defendant: _NA_

Mailing Address: _____

_____

Position: _____

Employed at: _____

G.  Defendant: _NA_

Mailing Address: _____

_____

Position: _____

Employed at: _____

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

The Defendant(s) have violated Plaintiff's 8th Amendments Rights by showing deliberate indifference to his serious medical needs in denying Plaintiff adequate medical care for non-medical reasons.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

The Petitioner was born on March 26th 1950, with the disabling disease "Poliomyelitis" commonly known as "Polio." Polio is an infectious viral disease occurring mainly in children and in its acute forms attacking the central nervous system and providing paralysis, muscular atrophy, and often deformity. The Petitioner was born with a deformed left foot.

Since birth the petitioner's has required special

Statement of Facts, continued:

shoes and some forms of physical therapy for his handicap.

In 1969 the Petitioner's Achilles tendon, the large tendon running from the heel bone to the calf muscle of the leg, was cut/sliced all the to his ankle bone on his left leg. In 1973, the Petitioner was hit in a vehicle by a Seaboard Train, breaking his right foot and right leg, resulting is a steel plate being implanted from his knee to hip, further disabling the Petitioner.

In October of 1996, the Petitioner was issued a special shoe pass at the North Florida Reception Center (N.F.R.C.) Brace Clinic by Chief Podiatrist Dr. H. McCloney, he was issued a second special shoe pass by Dr. McCloney on October 20th, 1997. The entire time the Petitioner has been in the F.D.O.C., his shoe pass has been honored until he arrived at Liberty Correctional Institution, by refusing to honor the Chief Medical Doctor's shoe pass has caused the Petitioner unwarranted pain.

Statement of Facts, continued:

Since Petitioner have been tranfer to Hamilton Institution, he has try to get medical help. Dr. Solorzano is the Chief Medical Officer at Hamilton, who refuse to give the Petitioner a shoe pass because Dr. Goss at Liberty Correctional Institution overruled the Chief Podiatrist Dr. H. McCloney. Dr McCloney recognized the Petitioner's needs for his handicap. Dr. Solorzano base his decision on non-medical factors claiming he nor the F.D.O.C. has any obligation to provide a special shoe pass to the Petitioner.

Dr. R. Solorzano has been presented evidence to substantiate the Petitioner's need for orthopedic shoes. Dr. Solorzano possesses the requisite intent sustaining the Petitioner's claim of deliberate indifference to medical needs. Dr. Solorzano has not relied on medical grounds to deny the Petitioner his special shoe pass.

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

OR DR Solorzano And/oR The F.D.O.C. to Reinstate Petitioner's shoe pass, Re-emburse Petitioner foR Court Fee upon pRevailing, And AwARd the Petitioner Five thousand dollars foR compensatoRy damage, And FiFteen thousand dollars foR punitive damage, Against DR R. Solorzano.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this  26  day of  July , 2 004 .

Bobby TuRneR
026447

Bobby Turner
(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)                    10

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Dental
☐ Other  R. SOLORZANO

FROM:
- Inmate Name: Turner Bobby
- DC Number: 026447
- Quarters: F1 Dorm
- Job Assignment: Rec Yard
- Date: 3-12-04

## REQUEST

Informal Grievance

I went to sick to see the doctor, about pain in my legs. I were born with a disabing disease Poliomyelitis, commonly known as Polio, my Achilles tendon been cut, I have a steel plate implanted from my knee to hip. The shoes the state issue me are falling apart, one of them don't have any heel left, when I walk it causes me great pain. This grievance about being told by Nurse Hall, that he would not put me in to see the doctor, or waste his time because I were not get any shoes, I feel he acted in a malicious, deliberate indifference to the patient medical needs.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: 3/29/04 SD

Your complaint has been evalauated. It is noted that you were seen in sick call on 03/16/04 requesting special shoes. The nurse noted that you were seen by the M.D. on 11/10/03 while you were at Baker CI and special shoes denied. The nurse further noted that you were seen by the RN Supervisor at Baker CI on 01/28/04 who explained the Department's criteria for special shoes. You were advised by the nurse that you had the option of discussing this with the physician at your next chronic illness clinic appointment.

[The following pertains to informal grievances only:
Based on the above information, your grievance is __Denied__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _Kay Smith_   Date: 4/6/04

K. SMITH, SR....
HAMILTON C.I.
R. SOLORZANO, MD, CHO
HAMILTON C.I.

Distribution: White / Returned to Inmate   Pink - Retained by official responding, or if the response is to an
Canary - Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

MAILED / FILED
WITH AGENCY CLERK

JUN 09 2004

Department of Corrections
Bureau of Inmate Grievance Appeals

## B-RESPONSE

| Turner, Bobby | 026447 | 04-614015 |
|---|---|---|
| INMATE | NUMBER | GRIEVANCES |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, K. Smith was contacted and she provided this office with information regarding the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

Records reviewed indicate that you have been seen, evaluated, and educated on this issue. You were offered new insoles and a heel lift. Special shoes are not medically necessary.

You are encouraged to cooperate with your dedicated health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

**CONFIDENTIAL**

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

_P. Gudino_ / _[signature]_ / 6/3/04
SIGNATURE AND TYPED OR PRINTED / SIGNATURE OF WARDEN, ASST. WARDEN / DATE
OF EMPLOYEE RESPONDING / SECRETARY'S REPRESENTATIVE

## PART B - RESPONSE

| TURNER, BOBBY | 026447 | 0404-215-058 |
|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER |

Your grievance has been received, reviewed and evaluated. As previously advised, you were seen in sick call on 3-16-04 requesting special shoes. The nurse noted that you had been seen by the M.D. on 11-10-03 while you were at Baker C.I. and special shoes denied. You were called out by the R.N. supervisor at Baker C.I. and explained why shoes were denied. Special shoes are based on current medical indications, not whether or not you have been prescirbed them before. You are again advised that you have the option of discussing this issue with the clinician at your next chronic illness clinic appointment. Based on the above information, your grievance is denied.

You may appeal this decision by submitting a DC1-303 to Ms. Celeste Kemp, Inmate Grievance Administrator, Department of Corrections, 2601 Blair Stone Road, Tallahassee, Fl 32399-2500, within fifteen days following this decision.

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING
V.P. BAITAN, MD
STAFF PHYSICIAN
HAMILTON CI

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE  4-23-04

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

**RECEIVED MAY 1 0 2004** Department of Corrections Inmate Grievances   Hamilton

From: TURNER Bobby   026447   H.C.I ANNEX

Last   First   Middle Initial   Number   Institution

046 14 015

### Part A – Inmate Grievance

This grievance is filed in appeal of the response received at the Inst. level. I have attempted to acquire special shoes from the medical department, however, it is their position that I do not meet the criteria; no matter that I am experiencing extreme pain due to my handi-cap. Not only will they not re-issue me a shoe pass, they refuse to let me see a doctor, some one who can make the decision to deny or grant him a special shoe pass. (see attached)

this memorandum of law will clearly state my disabilities, and the Chief Podiatrist Dr. McCloney recognized the need for special shoes. There is no one here at H.C.I to address Poliomyelitis, Polio.

5/3/04    Bobby Turner 026447

DATE    SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___/___
   # Signature

### PART B – RESPONSE

**SEE ATTACHED RESPONSE**

_____    _____    6/3/04
SIGNATURE AND TYPED OR PRINTED NAME    SIGNATURE OF WARDEN, ASST. WARDEN, OR    DATE
OF EMPLOYEE RESPONDING    SECRETARY'S REPRESENTATIVE

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
TEAR ON PERFORATION

## PART B - RESPONSE

TURNER, BOBBY  
INMATE

026447  
NUMBER

0404-215-058  
GRIEVANCE LOG NUMBER

Your grievance has been received, reviewed and evaluated. As previously advised, you were seen in sick call on 3-16-04 requesting special shoes. The nurse noted that you had been seen by the M.D. on 11-10-03 while you were at Baker C.I. and special shoes denied. You were called out by the R.N. supervisor at Baker C.I. and explained why shoes were denied. Special shoes are based on current medical indications, not whether or not you have been prescirbed them before. You are again advised that you have the option of discussing this issue with the clinician at your next chronic illness clinic appointment. Based on the above information, your grievance is denied.

You may appeal this decision by submitting a DC1-303 to Ms. Celeste Kemp, Inmate Grievance Administrator, Department of Corrections, 2601 Blair Stone Road, Tallahassee, Fl 32399-2500, within fifteen days following this decision.

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING  
V.T. BAITAN, MD  
STAFF PHYSICIAN  
HAMILTON CI

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

4-23-04  
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY  
(2 Copies) Inmate  
(1 Copy) Inmate's File  
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE  
(1 Copy) Inmate  
(1 Copy) Inmate's File - Inst./Facility  
(1 Copy) C.O. Inmate File  
(1 Copy) Retained by Official Responding

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| TURNER, BOBBY | 026447 | 0404-215-058 | (215) HAMILTON C.I. | F3218L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07H (INADEQUATE TREATMENT (MEDICAL))

| 4/9/04 | 0404-215-058 | _[signature]_ |
|---|---|---|
| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |